| | |
|---|---|
| STATE OF SOUTH DAKOTA )<br>:ss<br>COUNTY OF MINNEHAHA ) | IN CIRCUIT COURT<br>SECOND JUDICIAL CIRCUIT |
| THOMAS E. BARBER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>U.S. XPRESS, INC.,<br><br>　　　　Defendant. | Civ. 06-_____<br><br><br>**SUMMONS** |

**THE STATE OF SOUTH DAKOTA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT, U.S. XPRESS, INC.:**

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint of the Plaintiff herein, a copy of which is hereto attached and herewith served upon you, and to serve a copy of your Answer thereto upon the subscriber at his law office in the City of Sioux Falls, South Dakota, within thirty (30) days after the completed service of this Summons upon you, exclusive of the day of such service and, if you fail to answer as above required, judgment by default may be rendered against you as demanded in the Complaint.

Dated this 30th day of May, 2006.

　　　　　　　　　　JOHNSON, HEIDEPRIEM, MINER,
　　　　　　　　　　MARLOW & JANKLOW, L.L.P.

　　　　　　　　　　By _____
　　　　　　　　　　Steven M. Johnson
　　　　　　　　　　Kimberly J. Lanham
　　　　　　　　　　PO Box 1107
　　　　　　　　　　Sioux Falls, SD 57101-1107
　　　　　　　　　　(605) 338-4304

　　　　　　　　　　*Attorneys for the Plaintiff*

| | |
|---|---|
| STATE OF SOUTH DAKOTA )<br>:ss<br>COUNTY OF MINNEHAHA ) | IN CIRCUIT COURT<br>SECOND JUDICIAL CIRCUIT |
| THOMAS E. BARBER,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. XPRESS, INC.,<br><br>Defendant. | Civ. 06-____<br><br>**COMPLAINT**<br>**-AND-**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW THE PLAINTIFF, by and through his attorneys of record, Steven M. Johnson and Kimberly J. Lanham, and for his Complaint against the above-named Defendant states and alleges as follows:

## PARTIES

1. Plaintiff is a resident of the City of Mitchell, County of Davison, State of South Dakota.

2. Upon information and belief, Defendant U.S. Xpress, Inc. (hereinafter "Defendant") is a Tennessee corporation with its principal place of business in the City of Chattanooga, State of Tennessee. Defendant U.S. Xpress, Inc. is engaged in the trucking transportation industry. At all times relevant hereto, Karen S. Quintana was an employee of Defendant U.S. Xpress, Inc. as an over-the-road truck driver.

## JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over this action pursuant to S.D. Const. Art. § 5 and SDCL § 16-6-9.

4. Venue is proper within the indicated judicial circuit under SDCL § 15-5-6.

## FACTS

5. On or about January 1, 2006, Plaintiff Thomas E. Barber was a passenger in a vehicle traveling eastbound on Interstate 90 near mile marker 356.

6. At the same time, Karen S. Quintana (hereinafter "Quintana") was also traveling eastbound on Interstate 90 in her semi-tractor trailer near mile marker 356.

7. While traveling eastbound on Interstate 90 near mile marker 356, Quintana lost control of her semi-tractor trailer causing it to jackknife. Her semi-tractor trailer ended up in the south ditch facing westbound, with the trailer on the right shoulder of the roadway.

8. As the vehicle that Plaintiff was traveling in approached Quintana's jackknifed semi-tractor trailer, the driver of Plaintiff's vehicle lost control and veered off the right side of the roadway, causing the vehicle to crash into the right rear of Quintana's jackknifed semi-tractor trailer that was sitting on the right shoulder of the roadway.

9. As a direct and proximate result of the collision, Plaintiff sustained severe injuries and trauma which required medical treatment. Additionally, he has experienced pain and suffering, permanent impairment and disability, loss of enjoyment of the capacity of life, loss of past and future earnings, past and future medical costs and expenses, and other general and special damages.

## COUNT I
### *Negligence*

10. Plaintiff hereby realleges paragraphs 1-9 of this Complaint and hereby incorporates them as if fully set forth herein.

11. Quintana owed a duty of care to Plaintiff to exercise ordinary care and awareness in the operation, management, maintenance and control of her semi-tractor trailer,

2

including, but not limited to, a duty to operate her semi-tractor trailer in a safe and reasonable manner, a duty to use the semi-tractor trailer in a safe and reasonable manner, and a duty to travel along the streets and roads located in the State of South Dakota in a safe and reasonable manner.

12. At the time of the collision, Quintana negligently and carelessly departed from the proper standard which caused the collision. Quintana breached her duties owed to Plaintiff by negligently operating her semi-tractor trailer, by negligently using her semi-tractor trailer, by negligently traveling along the roads and streets located in the State of South Dakota, in several respects, including, but not limited to:

   (a) Failing to keep her semi-tractor trailer under control;

   (b) Overdriving the road conditions;

   (c) Driving at a speed that was greater than prudent under the circumstances;

   (d) Continuing to operate her semi-tractor trailer in the dangerous conditions in violation of 49 C.F.R. § 392.14;

   (e) Failing to warn Plaintiff's vehicle of her semi-tractor trailer being in the roadway in violation of 49 C.F.R. § 392.22; and

   (f) Otherwise generally failing to operate her semi-tractor trailer in a safe and prudent manner.

13. As a direct and proximate cause of Quintana's negligence, Plaintiff has sustained severe injuries resulting in a course of medical treatment and trauma; permanent impairment and disability; past, present, and future pain and suffering; loss of enjoyment of the capacity of life, emotional distress; loss of past and future earnings; past and future medical costs and expenses; and other general and

special damages; all of which are compensable under South Dakota law.

14. At all times relevant hereto, as an employee of Defendant U.S. Xpress, Inc., Quintana was acting within the scope of her actual, express, apparent, and/or implied authority, as well as acting within the scope of her employment duties. Such conduct was reasonably foreseeable, and therefore, imputable to Defendant under the doctrine of Respondeat Superior.

15. Pursuant to the doctrine of Respondeat Superior, Defendant is responsible for the negligent conduct of its employee, Karen S. Quintana.

WHEREFORE, Plaintiff respectfully prays for damages against the Defendant as follows:

(1) For Plaintiff's compensatory, general and special damages in an amount that the jury deems just and proper under the circumstances;

(2) For the Plaintiff's costs and disbursements herein;

(3) For prejudgment and post-judgment interest; and

(4) For such other and further relief as the Court determines to be just and proper.

Dated this 30th day of May, 2006.

JOHNSON, HEIDEPRIEM, MINER,
MARLOW & JANKLOW, L.L.P.

By _____
Steven M. Johnson
Kimberly J. Lanham
P.O. Box 1107
Sioux Falls, SD 57101-1107
(605) 338-4304

*Attorneys for the Plaintiff*

4