UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 25 2007
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TRACY A. MUNROE, | * | CIV 06-4103 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION |
| U.S. XPRESS, INC., | * | AND ORDER |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Tracy Munroe, filed a Motion in Limine to exclude opinion testimony of Defendant's proffered experts Rickard and Moore, Doc. 75, seeking to exclude the trial testimony of Defendant's experts for the reason that the experts' testimony fails to meet the standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The motion has been briefed by both parties and the motion will be decided based upon the written record. For the reasons set forth below, the Court will deny the motion to exclude Mr. Rickard on the merits and will deny as moot the motion to exclude Mr. Moore because Defendant has informed the Court and the Plaintiff that Mr. Moore will not be called as a witness.

Pursuant to Federal Rule of Evidence 702, "a witness qualified as an expert by knowledge, skill, experience, training, or education" may give opinion testimony if, and to the extent, "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." FED.R.EVID. 702. The district court must make certain that testimony admitted under Rule 702 is relevant and reliable. *See Daubert*, 509 U.S. at 598; *Weisgram v. Marley Co.*, 169 F.3d 514, 517 (8th Cir. 1999). The Court must perform an important gatekeeping function–applicable to technical and specialized expert testimony as well as scientific testimony--by

1

screening the reliability of expert testimony. *See Peitzmeier v. Hennessy Indus., Inc.*, 97 F.3d 293, 297 (8th Cir. 1996). The Court may look to *Daubert* for guidance as to whether expert testimony should be admitted or excluded and should rely on the *Daubert* reliability factors only to the extent that they are relevant to the analysis before the Court. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-152 (1999). "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

The Court has considered the *Daubert* reliability factors: "(1) whether the concept has been tested, (2) whether the concept has been subject to peer review, (3) what the known rate of error is, and (4) whether the concept is generally accepted by the community." *Pestel v. Vermeer Mfg. Co.*, 64 F.3d 382, 384 (8th Cir. 1995). It is well recognized, however, that "[t]hese factors are not exclusive .. and they need not be considered in every case because, '[o]f course the *Daubert* reliability factors should only be relied upon to the extent that they are relevant and the district court must customize its inquiry to fit the facts of each particular case.'" *C-Line Farms v. CNH America, LLC*, 2007 WL 2363189 at *4 (8th Cir. August 21, 2007) (quoting *Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1083 (8th Cir. 1999); *see Kumho Tire Co.*, 526 U.S. at 147-52 (observing that *Daubert* factors may or may not be pertinent in assessing reliability, depending on nature of issue, expert's particular expertise, and subject of testimony). Accident reconstruction is a concept that is generally accepted by the community and Mr. Rickard is well-qualified as an accident reconstructionist, which Plaintiff does not dispute.

Both the Supreme Court and the Eighth Circuit have made "clear that it is the expert witnesses' methodology, rather than their conclusions, that is the primary concern of Rule 702." *Bonner v. ISP Tech., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001). Plaintiff primarily challenges Mr. Rickard's opinions on the grounds that they are based on erroneous factual assumptions and that his opinions are not based upon any testing or scientific measurements. The Eighth Circuit, however, has explained that the factual basis of an expert's opinion relates to credibility rather than admissibility:

2

> As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded.

*Hose v. Chicago Northwestern Transp. Co.*, 70 F.3d 968, 970 (8th Cir. 1996) (internal citations and quotations omitted). Plaintiff contends Mr. Rickard has accepted a biased view of the facts to support his conclusion regarding the cause of the collision involved in this case. This does not, however, require the exclusion of his testimony. Rather, if Plaintiff believes Mr. Rickard has premised his opinions upon the wrong facts, Plaintiff will need to examine the factual basis for his opinions in cross-examination.

The Eighth Circuit held an accident reconstruction expert could properly support his estimate of the principal direction of force "on all information he could obtain, including interviews with persons at the scene of the accident, his own inspection of the scene, and his own physical inspection of the vehicle." *Smith v. BMW North America, Inc.*, 308 F.3d 913, 920-21 (8th Cir. 2002). An expert may properly base his or her opinions upon observations, rather than tests, where the expert "observe[s] the relevant evidence, applie[s] their specialized knowledge, and systematically include[s] and exclude[s] possible theories of causation." *C-Line Farms*, 2007 WL 2363189 at *5. In the present case Mr. Rickard reviewed the South Dakota Highway Patrol Accident Report and scene diagram, observed several photographs of the scene and the involved vehicles, and viewed the South Dakota Highway Patrol video. He further reviewed the following documents: transcripts of interviews and depositions (both paper and videotaped depositions); Construction and Road Surface Report; Plaintiff's answers and responses to interrogatories; an animation/scale diagram prepared by JMH Associates; Plaintiff's expert's report and supporting documents; expert report of John Moore; and Defendant's repair records. Mr. Rickard then applied his specialized knowledge regarding accident reconstruction to his observations and developed his theory of causation. Mr. Rickard's methodology in forming his opinions is an accepted methodology and Plaintiff's motion to exclude Mr. Rickard's testimony will be denied. Accordingly,

IT IS ORDERED that Plaintiff's Motion in Limine to exclude opinion testimony of Defendant's proffered experts Rickard and Moore, Doc. 75, is denied on the merits as to Mr. Rickard and is denied as moot as to Mr. Moore as Mr. Moore will not be called as a witness at the trial in this action.

Dated this 27th day of August, 2007.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY *[signature]*
(SEAL)   DEPUTY